8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA

10 HORACIO E. CORTEZ, | Case No. 2:18-06104 SJO (ADS)

11 Plaintiff,

12 v. | ORDER TO SHOW CAUSE

13 WILLIAM SULLIVAN, Warden,

14 Defendant.

## I. **INTRODUCTION**

Pending before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by petitioner Horacio E. Cortez ("Petitioner"), a California state prisoner. The Court's review of the Petition, the Court's own records, and public records reveals that the Petition appears to be both unexhausted and untimely.[1] For the reasons discussed below, Petitioner is **ORDERED TO SHOW**

---

[1] Where necessary, the Court takes judicial notice of the public records. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 11 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as

**CAUSE** in writing **within twenty-eight (28) days** of the service of this Order why the instant Petition should not be dismissed with prejudice because it is wholly unexhausted and time-barred.

## II. RELEVANT BACKGROUND

On July 8, 2018, Petitioner constructively filed the instant Petition pursuant to Title 28 United States Code Section 2254. [Dkt. No. 1]. The Petition challenges a conviction, in which Petitioner pled guilty on January 1, 2000 before the Los Angeles County Superior Court to two counts of lewd and lascivious act with a child under 14 years of age by use of force or violence in case number BA223734. [Id., p. 2].[2] Petitioner was sentenced on April 16, 2002. [Id.]. Petitioner now raises the following six grounds for relief:

    1.    Petitioner was not advised of his Miranda Rights, in violation of Miranda v. Arizona, 384 U.S. 436 (1966);

    2.    Petitioner received ineffective assistance of counsel;

    3.    There was insufficient evidence to support Petitioner's conviction;

    4.    Petitioner's trial attorney failed to advise him of his constitutional rights before Petitioner accepted the guilty plea;

    5.    The sentencing court erred for failing to provide the probation officer enough time to prepare a report, failing to inquire whether Petitioner's guilty plea was voluntary, and sentencing Petitioner to consecutive prison terms; and

---

well as the records of an inferior court in other cases."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

[2] All citations to electronically-filed documents are to the CM/ECF pagination.

1    6.    The culmination of violations deprived Petitioner of Equal
Protection under the Fourteenth Amendment.

[Id., pp. 2-7].

## III.    THE PETITION APPEARS TO BE WHOLLY UNEXHAUSTED

As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition is subject to dismissal without prejudice. Id. at 522. A petitioner has the burden of demonstrating that he has exhausted available state remedies. See e.g., Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

To satisfy the exhaustion requirement, a habeas petitioner must "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its petitioners' federal rights." Duncan v. Henry, 513 U.S. 364, 365-66 (1995); see also Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011) (explaining that a "claim has been exhausted if the state courts have in fact ruled on its merits"). Exhaustion requires that a petitioner's claims be fairly presented to the highest court in the state court system, even if that court's review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999) (holding that petitioners' right to raise claims through a petition for discretionary review in the state's highest court satisfies 28 U.S.C. § 2254(c) requirements); Baldwin v. Reese, 541 U.S. 27, 29 (2004) (explaining that a state prisoner must fairly present his claim to a state supreme court with powers of discretionary review to alert "that court to the federal nature of the

claim"). For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).

Here, it appears Petitioner did not fully exhaust his claims in state court. First, the Petition states that Petitioner did not appeal the judgment of conviction and he has not previously filed *any* habeas petitions in *any* state court with respect to this judgment. [Dkt. No. 1, pp. 2-3 (emphasis added)]. Second, a review of the California Appellate Courts Case Information website reveals that Petitioner filed two prior state habeas petitions in the California Court of Appeal but nothing with the California Supreme Court. California Appellate Courts Case Information 2nd Appellate District, http://appellatecases.courtinfo.ca.gov, (Trial Court case number BA223734). The first petition was filed on July 8, 2004, and was summarily denied by the Appellate Court on October 8, 2004. Id. (Court of Appeal case number B176392). Subsequently, Petitioner filed a second petition on June 30, 2005; the Appellate Court summarily denied the second petition on July 11, 2005. Id. (Court of Appeal case number B184063). The search of the Appellate Courts Case Information website did not reveal any state habeas petitions filed by Petitioner in the California Supreme Court. Id. Therefore, Petitioner has failed to meet his burden to demonstrate that he has fully exhausted his available state remedies.

### III. THE PETITION APPEARS TO BE UNTIMELY

#### A. The Petition is Facially Untimely

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitation period for a state prisoner to file a federal habeas corpus petition.

28 U.S.C. § 2244(d)(1); see also Wall v. Kholi, 562 U.S. 545, 550 (2011); Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). The limitation period begins to "run from the latest of" four specified dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

For petitioners who do not appeal to the state's highest court, their judgments become final when the time for seeking such review expires. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). As such, courts look to "state-court filing deadlines when petitioners forgo state-court appeals." Id. at 152. In California state courts, a defendant who enters a guilty plea has sixty days to appeal a judgment of conviction. See Cal. R. Ct. 8.308(a) (formerly Cal. R. Ct. 30.1); Cal. Penal Code § 1237.5; see also Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (finding a conviction finalized 60 days after the judgment of conviction). Judgment is rendered when a trial court orally pronounces sentence. People v. Karaman, 4 Cal.4th 335, 344 n.9 (1992).

Here, the Petition is facially untimely. Petitioner alleges he pled guilty on January 1, 2000, and was sentenced on April 16, 2002. Therefore, his deadline to appeal his conviction was June 15, 2002, sixty days after his sentencing. Since Petitioner did not file a direct appeal, the one-year limitation period for filing a federal habeas petition expired on June 16, 2003. Petitioner filed the instant Petition over fifteen years after the limitation period expired. As a result, the Petition is patently untimely.

### B. The Petition Does Not Entitle Petitioner to Any Later Trigger Date

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date for the statute of limitations. First, Petitioner does not assert that he was impeded from filing his federal petition by unconstitutional state action. See 28 U.S.C. § 2244(d)(1)(B). Second, his claims are not based on a federal constitutional right that was newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2244(d)(1)(C). Finally, Petitioner has been long aware of the underlying factual predicates of his six grounds for relief. See [Dkt. No. 1, pp. 2-7]; 28 U.S.C. § 2244(d)(1)(D); see also Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (noting that the limitation period under § 2244(d)(1)(D) begins running when petitioner knew of facts underlying the claims, not when he realized their "legal significance"). Petitioner here is thus not entitled to a later trigger date under 28 U.S.C. § 2244(d)(1).

### C. The Petition Does Not Entitle Petitioner To Statutory Tolling

In certain cases, a habeas petition filed after the statute of limitations can be found timely with statutory tolling. Jorss v. Gomez, 311 F.3d 1189, 1192 (9th Cir. 2002). AEDPA provides for statutory tolling while an appeal is pending before a higher state court as well as during the reasonable time between a lower court's judgment and the filing of an appeal in the next court. 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 219-21 (2002); see e.g. Velasquez v. Kirland, 639 F.3d 964, 968 (9th Cir. 2011) (holding that an 81-day delay was "far longer than the Supreme court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement.").

1       Here, Petitioner has not shown that he is entitled to statutory tolling. Petitioner did not file his first state habeas petition until July 8, 2004, which is more than one year after the statute of limitations period had already expired. See California Appellate Courts Case Information 2nd Appellate District, http://appellatecases.courtinfo.ca.gov, (Trial Court case number BA223734). Statutory tolling "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed. Ferguson v. Pamateer, 321 F.3d 820, 823 (9th Cir. 2003). Absent any explanation for the long delay, statutory tolling is not available to the Petitioner.

### D.     **The Petition Does Not Entitle Petitioner to Equitable Tolling**

      Similarly, a petition filed after the statute of limitations has expired may be timely if equitable tolling applies. Jorss v. Gomez, 311 F.3d 1189, 1192 (9th Cir. 2002). Equitable tolling applies when a petitioner shows "(1) that he has been pursuing his claims diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) ("[t]he petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time."). Untimeliness cannot be a result of "oversight, miscalculation or negligence on the petitioner's part." Walderon-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009).

      Petitioner has not argued that equitable tolling applies in this case. Petitioner states that he did not appeal because his defense counsel told him he could not appeal based on his plea deal. [Dkt. No. 1, p. 3]. Petitioner's reliance on his trial counsel's advice does not justify the fifteen-year-long delay. In any event, pro se petitioner's

ignorance of the law is not such an extraordinary circumstance as to justify equitable tolling. See Waldron-Ramsey, 556 F.3d at 1013 n. 4 ("we have held that a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling"); Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). For these reasons, Petitioner has failed to show that he has been diligently pursuing his rights and extraordinary circumstances stood in his way.

### IV.    **PETITIONER IS ORDERED TO SHOW CAUSE**

As discussed above, it appears the Petition is both wholly unexhausted and untimely. The Court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); Stone v. San Francisco, 968 F.2d 850, 855-56 (9th Cir. 1992). The Court also has the discretion to dismiss untimely habeas petitions sua sponte under AEDPA's one-year limitation as long as the parties are accorded fair notice and an opportunity to respond. Day v. McDonough, 547 U.S. 198, 209-11 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** within **twenty-eight (28) days** of the service of this Order why the Court should not dismiss this action.

In his response to this Order, Petitioner must explain whether his claims have been fully and fairly presented to the California Supreme Court, whether any later trigger to the statute of limitations applies, and whether statutory or equitable tolling apply. If Petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response a declaration under penalty of perjury stating facts showing

that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). Petitioner may submit other evidence he deems appropriate to support his claim for tolling. The Court makes no representation as to whether Petitioner can meet the required showings for exhaustion and tolling. In the alternative, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

**Petitioner is expressly warned that his failure to timely respond to this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.**

Dated: December 03, 2018

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge