O
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| HORACIO E. CORTEZ, | Case No. 2:18-06104 SJO (ADS) |
|---|---|
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| WILLIAM SULLIVAN, Warden,[1] | |
| Respondent. | |

## I. **INTRODUCTION**

Pending before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by petitioner Horacio E. Cortez ("Petitioner"), a California state prisoner. [Dkt. No. 1]. Petitioner concurrently filed an Election Regarding Consent to Proceed Before a United States Magistrate Judge in which he

---

[1] The Court sua sponte **directs** the Clerk of Court to update the case caption to reflect William Sullivan as the proper Respondent. See Fed. R. Civ. P. 25(d); see also Rumsfeld v. Padilla, 542 U.S. 426, 427 (2004) ("The default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . .").

voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive motions, and order the entry of final judgment.[2]  [Dkt. No. 2].  The Court's review of the Petition, the Court's own records, and public records reveals that the Petition is both unexhausted and untimely.[3]  For these reasons, the Court summarily dismisses the Petition with prejudice.

## II. RELEVANT BACKGROUND

On July 8, 2018, Petitioner constructively filed the instant Petition pursuant to 28 U.S.C. § 2254.  [Dkt. No. 1].  The Petition challenges a conviction, in which Petitioner pled guilty on January 1, 2000 before the Los Angeles County Superior Court to two

---

[2] "Upon consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case."  28 U.S.C. § 636(c)(1).  Here, Petitioner has consented and Respondent has not yet been served and therefore is not yet a party to this action.  See, e.g., Travelers Cas. & Sur. Co. of Am. V. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4.") (internal quotation marks and citation omitted).  Thus, all parties have consented pursuant to § 636(c)(1).  See Wilhelm v. Rotman, 680 F.3d 1113, 1119-21 (9th Cir. 2012) (holding that a magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to action); Carter v. Valenzuela, No. CV 12-05183 SS, 2012 WL 2710876, at *1 n. 3 (C.D. Cal. July 9, 2012) (finding after Wilhelm, a magistrate judge had authority to deny successive habeas petition when petitioner had consented and Respondent had not yet been served with petition).

[3] Where necessary, the Court takes judicial notice of the public records.  See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 11 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

counts of lewd and lascivious act with a child under 14 years of age by use of force or violence in case number BA223734.  [Id., p. 2].[4]  Petitioner was sentenced on April 16, 2002.  [Id.].  Petitioner now raises the following six grounds for relief:

    1.    Petitioner was not advised of his Miranda Rights, in violation of Miranda v. Arizona, 384 U.S. 436 (1966);

    2.    Petitioner received ineffective assistance of counsel;

    3.    There was insufficient evidence to support Petitioner's conviction;

    4.    Petitioner's trial attorney failed to advise him of his constitutional rights before Petitioner accepted the guilty plea;

    5.    The sentencing court erred for failing to provide the probation officer enough time to prepare a report, failing to inquire whether Petitioner's guilty plea was voluntary, and sentencing Petitioner to consecutive prison terms; and

    6.    The culmination of violations deprived Petitioner of Equal Protection under the Fourteenth Amendment.

[Id., pp. 2-7].

On December 3, 2018, the Court ordered the Petitioner to show cause why the Court should not dismiss the Petition with prejudice because it is wholly unexhausted and time-barred ("Order to Show Cause").  [Dkt. No. 8].  Petitioner was ordered to respond in writing within twenty-eight (28) days of the service of the Order to Show Cause.  [Id.].  On January 11, 2019, the Court received Petitioner's response to the Order to Show Cause ("Response").  [Dkt. No. 9].

---

[4] All citations to electronically-filed documents are to the CM/ECF pagination

### III. THE PETITION IS WHOLLY UNEXHAUSTED

As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition is subject to dismissal without prejudice. Id. at 522. A petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

To satisfy the exhaustion requirement, a habeas petitioner must "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its petitioners' federal rights." Duncan v. Henry, 513 U.S. 364, 365-66 (1995); see also Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011) (explaining that a "claim has been exhausted if the state courts have in fact ruled on its merits"). Exhaustion requires that a petitioner's claims be fairly presented to the highest court in the state court system, even if that court's review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999) (holding that petitioners' right to raise claims through a petition for discretionary review in the state's highest court satisfies 28 U.S.C. §2254(c) requirements); Baldwin v. Reese, 541 U.S. 27, 29 (2004) (explaining that a state prisoner must fairly present his claim to a state supreme court with powers of discretionary review to alert "that court to the federal nature of the claim"). For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims to the California Supreme Court. See O'Sullivan,

526 U.S. at 845 (interpreting 28 U.S.C. §2254(c)); <u>Gatlin v. Madding</u>, 189 F.3d 882, 888 (9th Cir. 1999) (applying <u>O'Sullivan</u> to California).

Here, Petitioner did not fully exhaust his claims in state court. First, the Petition states that Petitioner did not appeal the judgment of conviction and he has not previously filed *any* habeas petitions in *any* state court with respect to this judgment. [Dkt. No. 1, pp. 2-3 (emphasis added)]. Second, a review of the California Appellate Courts Case Information website reveals that Petitioner filed two prior state habeas petitions in the California Court of Appeal but nothing with the California Supreme Court. <u>California Appellate Courts Case Information 2nd Appellate District</u>, http://appellatecases.courtinfo.ca.gov, (Trial Court case number BA223734). The first petition was filed on July 8, 2004, and was denied by the Appellate Court on October 8, 2004. <u>Id.</u> (Court of Appeal case number B176392). Subsequently, Petitioner filed a second petition on June 30, 2005; the Appellate Court summarily denied the second petition on July 11, 2005. <u>Id.</u> (Court of Appeal case number B184063). The search of the Appellate Courts Case Information website did not reveal any state habeas petitions filed by Petitioner in the California Supreme Court. <u>Id.</u> Petitioner's Response does not deny these facts, nor argue to the contrary. [Dkt. No. 9]. Therefore, Petitioner has failed to meet his burden to demonstrate that he has fully exhausted his claims in the state courts.

**IV.** **THE PETITION IS UNTIMELY**

    **A.** **The Petition is Facially Untimely**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitation period for a state prisoner to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1); <u>see</u> <u>also</u> <u>Wall v. Kholi</u>, 562 U.S. 545, 550 (2011); <u>Jimenez v.</u>

Quarterman, 555 U.S. 113, 114 (2009). The limitation period begins to "run from the latest of" four specified dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

For petitioners who do not appeal to the state's highest court, their judgments become final when the time for seeking such review expires. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). As such, courts look to "state-court filing deadlines when petitioners forgo state-court appeals." Id. at 152. In California state courts, a defendant who enters a guilty plea has sixty days to appeal a judgment of conviction. See Cal. R. Ct. 8.308(a) (formerly Cal. R. Ct. 30.1); Cal. Penal Code § 1237.5; see also Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (finding a conviction finalized 60 days after the judgment of conviction). Judgment is rendered when a trial court orally pronounces sentence. People v. Karaman, 4 Cal.4th 335, 344 n.9 (1992).

Here, the Petition is facially untimely. Petitioner alleges he pled guilty on January 1, 2000 and was sentenced on April 16, 2002. [Dkt. No. 1, p. 2]. Therefore, his deadline to appeal his conviction was June 15, 2002, sixty days after his sentencing. Since Petitioner did not file a direct appeal, the one-year limitation period for filing a federal habeas petition expired on June 16, 2003. Petitioner filed the instant Petition over fifteen years after the limitation period expired. Again, Petitioner's Response does not dispute this finding. [Dkt. No. 9]. Therefore, the Petition is patently untimely.

**B.** **The Petition Does Not Entitle Petitioner to Any Later Trigger Date**

The Petition does not entitle Petitioner to any later start date of the statute of limitations. First, Petitioner does not assert that he was impeded from filing his federal

6

petition by unconstitutional state action. See 28 U.S.C. § 2244(d)(1)(B). Instead, in his Response, Petitioner vaguely asserts that he never received "all portion of my legal documents" from the Superior Court of Los Angeles. [Dkt. No. 9, p. 1]. This allegation is not supported by any facts, nor does it justify the extensive delay, even if true. Moreover, Petitioner does not describe unconstitutional state action.

Second, Petitioner is not entitled to a later start date because his claims are not based on a newly-recognized, retroactive federal constitutional right. See 28 U.S.C. § 2244(d)(1)(C). Finally, Petitioner has been long aware of the underlying factual predicates of his six grounds for relief as all were present by no later than his trial. See [Dkt. No. 1, pp. 2-7]; 28 U.S.C. § 2244(d)(1)(D); see also Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (noting that the limitation period under § 2244(d)(1)(D) begins running when petitioner knew of facts underlying the claims, not when he realized their "legal significance"). Petitioner has not asserted otherwise. [Dkt. No. 9]. For all of these reasons, Petitioner is not entitled to a later trigger date under 28 U.S.C. § 2244(d)(1).

**C.** **The Petition Does Not Entitle Petitioner to Statutory Tolling**

Petitioner is not entitled to statutory tolling. In certain cases, a habeas petition filed after the statute of limitations can be found timely with statutory tolling. Jorss v. Gomez, 311 F.3d 1189, 1192 (9th Cir. 2002). AEDPA provides for statutory tolling while an appeal is pending before a higher state court as well as during the reasonable time between a lower court's judgment and the filing of an appeal in the next court. 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 219-21 (2002); see, e.g. Velasquez v. Kirland, 639 F.3d 964, 968 (9th Cir. 2011) (holding that an 81-day delay was "far longer

than the Supreme court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement.").

Here, Petitioner has not argued or shown that he is entitled to statutory tolling. Petitioner did not file his first state habeas petition until July 8, 2004, which is more than one year after the statute of limitations period had already expired. See California Appellate Courts Case Information 2nd Appellate District, http://appellatecases.courtinfo.ca.gov, (Trial Court case number BA223734). Petitioner does not contest this fact. [Dkt. No. 9]. Statutory tolling "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed. Ferguson v. Pamateer, 321 F.3d 820, 823 (9th Cir. 2003). As such, statutory tolling is not available to the Petitioner.

### D. **The Petition Does Not Entitle Petitioner to Equitable Tolling**

The Petitioner is not entitled to equitable tolling. A petition filed after the statute of limitations has expired may be timely if equitable tolling applies. Jorss v. Gomez, 311 F.3d 1189, 1192 (9th Cir. 2002). Equitable tolling applies when a petitioner shows "(1) that he has been pursuing his claims diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) ("[t]he petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time."). Untimeliness cannot be a result of "oversight, miscalculation or negligence on the petitioner's part." Walderon-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner initially stated that he did not appeal because his defense counsel told him he could not appeal based on his plea deal. [Dkt. No. 1, p. 3]. Petitioner's reliance on his trial counsel's advice does not justify the fifteen-year-long delay. In any event, pro se petitioner's ignorance of the law is not such an extraordinary circumstance as to justify equitable tolling. See Waldron-Ramsey, 556 F.3d at 1013 n. 4 ("we have held that a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling"); Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

Then, in his Response, Petitioner vaguely asserts that he never received "all portion of my legal documents" from the Superior Court of Los Angeles "which is very necessary to file a petition writ of habeas corpus . . . ." [Dkt. No. 9, p. 1]. While the Ninth Circuit has held that a petitioner who is completely deprived of access to his legal file may be entitled to equitable tolling, limited access to a legal file would not rise to the level of extraordinary circumstances. Compare Espinoza-Matthews, 432 F.3d 1021, 1028 (9th Circ. 2005) (applying equitable tolling for the period petitioner was in Administrative Segregation without access to his legal materials, despite his repeated requests for access) with Daly v. Knipp, 585 Fed. App'x. 647, 648 (9th Cir. 2014) (finding petitioner's allegations of limited access to his legal file did not entitled him to equitable tolling). Petitioner here specifies certain documents that he purportedly did not receive from the state court but fails to explain why he needed them or his efforts to obtain them over more than fifteen years. See Waldron, 556 F.3d at 1013-14 ("Waldron-Ramsey does not point to specific instances where he needed a particular document . . . and could not have procured that particular document when needed."). Moreover, none

of these cases support or require equitable tolling for an extensive period of time such as would be necessary in this case. For these reasons, Petitioner has failed to show that he has been diligently pursuing his rights and extraordinary circumstances stood in his way in order to obtain equitable tolling.

## V. **PETITIONER HAD AN OPPORTUNITY TO RESPOND**

The Court may raise the failure to exhaust issue <u>sua sponte</u> and may summarily dismiss on that ground. <u>See</u> <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981); <u>Stone v. San Francisco</u>, 968 F.2d 850, 855-56 (9th Cir. 1992). The Court may dismiss untimely habeas petitions <u>sua sponte</u> under AEDPA's one-year limitation as long as the parties are accorded fair notice and an opportunity to respond. <u>Day v. McDonough</u>, 547 U.S. 198, 209-11 (2006); <u>Herbst v. Cook</u>, 260 F.3d 1039, 1043 (9th Cir. 2001). Accordingly, on December 3, 2018, the Court issued an Order to Show Cause, which afforded Petitioner fair notice and the opportunity to respond as to why his Petition should not be dismissed for being wholly unexhausted and untimely. [Dkt. No. 8].

Petitioner's Response fails to sufficiently address either issue. Petitioner does not provide any explanation as to whether his claims have been fully exhausted in the California Supreme Court or whether a later trigger date to the statute of limitations applies. [Dkt. No. 9]. To the extent any portion of the Response seeks to justify the excessive delay in filing the instant Petition, Petitioner contends that he lacked access to certain legal documents and the court. [<u>Id.</u>, p. 1]. However, his assertions fall short of carrying Petitioner's burden of showing he diligently pursued his rights and extraordinary circumstances stood in his way. Petitioner has failed to show cause why the Petition should not be dismissed.

## VI. CONCLUSION

Petitioner's claims are both unexhausted and untimely. From this, the Court concludes that it plainly appears that Petitioner is not entitled to relief. L.R. 72-3.2. The Petition is denied and the action is therefore summarily DISMISSED with prejudice.

## VII. CERTIFICATE OF APPEALABILITY

For reasons stated above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; and (2) "the district court was correct in its procedural ruling." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Thus, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

Dated: March 25, 2019  
　　　　　　　　　　　　　　　　　　/s/ Autumn D. Spaeth  
HONORABLE AUTUMN D. SPAETH  
United States Magistrate Judge